**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

vs.   CASE NO. 6:02-CR-142-ORL-19KRS

ARTHUR LEE MCDOUGALD

---

ORDER

This case was considered by the Court on Petition on Probation and Supervised Release (Doc. No. 36, filed December 15, 2004), Amended Petition on Supervised Release (Doc. No. 39, filed January 24, 2005), Second Superseding Petition on Probation and Supervised Release (Doc. No. 43, filed February 15, 2005), Report and Recommendation of the United States Magistrate Judge (Doc. No. 58, filed March 16, 2005), Order to Show Cause at Final Revocation Hearing (Doc. No. 60, filed March 29, 2005) and Defendant's Objections to Report and Recommendation of the U.S. Magistrate (Doc. No. 63, filed April 19, 2005) at a hearing held April 26, 2005, continued to May 5, 2005, and attended by Defendant, counsel for Defendant and counsel for the Government. Upon hearing the matters presented, it is **ORDERED**:

1. After considering the additional evidence presented at the hearing on May 5, 2005, the Court rules that the Report and Recommendation of the United States Magistrate Judge (Doc. No. 58) is **ADOPTED AND APPROVED,** and the Defendant's objections to it are overruled. Defendant had direct contact with Caren Sawyers at her apartment located in Brevard County, Florida on November 22, 2004 and had direct contact with the son of Caren Sawyers in Brevard County, Florida on November 27, 2004, both in violation of the

terms of his Supervised Release. In addition, Defendant submitted a urine specimen to his Probation Officer on January 13, 2005 which tested positive for cocaine, and Defendant failed to report to the United States Probation Office on January 14 2005 to submit a urine sample as directed by his Probation Officer on January 13, 2005, both in violation of the terms of his Supervised Release. The Court does not find credible Defendant's testimony that he did not enter Brevard County, Florida and have contact with Caren Sawyers and her son in violation of the terms of his Supervised Release. It appears to the Court that Defendant has not absented himself from use of illegal and controlled substances, that he has a serious criminal record, and that he has on several occasions violated the terms and conditions of his Supervised release as noted in the Report and Recommendation of the U.S. Magistrate Judge and the Petitions of the Probation Officer. The U.S. Attorney advised the Court that Defendant received leniency in the initial charging decision made in the charging document in this case, and the Probation Officer advised the Court that the Defendant was not amenable to supervision by his agency. The Probation Officer has listed the sentencing options on page three of his Memorandum of April 18, 2005.

2. The Petitions on Probation and Supervised Release (Doc. Nos. 36, 39 and 43) are **GRANTED,** and the Defendant's supervised release (Doc. No. 31, filed February 27, 2003) is **REVOKED.**

   3. To reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant and provide the defendant with needed educational or vocational or other training, the Court imposes the following sentence. Defendant shall be committed to the custody of the United States Bureau of Prisons to be

incarcerated for a term of **24 months.** The Defendant shall be immediately **REMANDED** to the custody of the United States Marshal to await designation of a facility for service of this sentence. It is requested by not required that Defendant be afforded therapy for use of illegal drugs and that he be afforded the opportunity to complete his G.E.D. and obtain job training.

      4.      The Court has considered the factors enumerated in 18 United States Code Section 3553 including applicable advisory guidelines and policy statements issued by the U.S. Sentencing Commission in imposing this sentence.

      5.      In all other respects the Amended Judgment in a Criminal Case (Doc. No. 31) remains in full force and effect.

      6.      Upon service of the sentence herein, Defendant shall be discharged from further jurisdiction of this Court in this case.

      7.      Defendant has been advised of his right to appeal.

**DONE AND ORDERED** at Orlando, Florida, this ___6th___ day of May, 2005.


Copies to:

Assistant United States Attorney
Attorney for Defendant
United States Marshal
United States Probation
United States Pretrial Services
Defendant