**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                              Case No.  6:02-cr-142-Orl-19KRS

**ARTHUR MCDOUGALD**
            **Defendant**
_____

# ORDER

On May 6, 2005, the Court entered an Order adopting the Report and Recommendation of the United States Magistrate Judge as to Arthur McDougald.  (Doc. No. 74).  The Court revoked McDougald's supervised release and imposed a sentence of 24 months.  (*Id.*)  On July 1, 2005, McDougald filed a Motion to File a Belated Notice of Appeal or Alternatively a Motion to Accept his Notice of Appeal as Timely Filed.  (Doc. No. 77).  In his motion, McDougald stipulated that he advised his counsel of his desire to file an appeal.  (*Id.* at ¶ 2).  On June 15, 2005, McDougald asked family members about the current status of his appeal and learned that no appeal had been filed.  (*Id.* at ¶ 3).  McDougald now asks the Court to enter an Order allowing him to file a Notice of Appeal and to accept the Notice as timely filed.

According to Federal Rule of Appellate Procedure 4(b)(1)(A), a defendant's notice of appeal in a criminal case must be filed in the district court within 10 days after the later of 1) the entry of either the judgment or the order being appealed or 2) the filing of the government's notice of appeal.  FED. R. APP. P. 4(b)(1)(A).  Federal Rule of Appellate Procedure 4(b)(4) states that if the Court finds excusable neglect or good cause, the Court may extend the time to file a notice of

appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by Rule 4(b). FED. R. APP. P. 4(b)(4).

Under the facts of the instant case, McDougald's Motion to File a Belated Notice of Appeal is untimely. McDougald is appealing the Court's May 6, 2005 Order. (Doc. No. 74). Under Federal Rule of Appellate Procedure 4, McDougald should have filed a notice of appeal no later than May 20, 2005. If McDougald had attempted to file a Notice of Appeal after May 20, 2005 but not later than June 20, 2005, the Court could have allowed the filing if there was a finding of excusable neglect. McDougald, however, filed his motion on July 1, 2005. Based on the plain language of the Rule, McDougald's motion should be denied.

The court has researched how other federal courts have analyzed situations in which there is a failure to file a notice of appeal even though counsel has been instructed to file such notice. In *Bottiglio v. United States*, 431 F.2d 930, 931 (1st Cir. 1970), the First Circuit relied on *Rodriguez v. United States*, 395 U.S. 327 (1969), for the proposition that "failure of counsel to file a notice of appeal when instructed to do so is ground for, in effect, a late appeal." In *Rodriguez*, the defendant brought a suit for post-conviction relief under 28 U.S.C. section 2555, arguing that after his conviction on narcotics charges he had been improperly denied his right to appeal. 395 U.S. at 328. The defendant asked that his conviction be set aside and that he be resentenced so that he could take an appeal. *Id.* at 329. In denying the defendant's application, the trial court and Ninth Circuit relied on a rule requiring applicants to disclose what errors they would raise on appeal and to demonstrate that denial of an appeal caused prejudice. *Id.* In reversing the Ninth Circuit, the Supreme Court explained that an appeal from a district court's judgment of conviction in a criminal case is a matter of right. *Id.* at 329-30 (internal citation omitted). The Ninth

Circuit's rule was unfair because it required petitioners to demonstrate some likelihood of success on the appeal. *Id.* at 330. The rule may have ultimately deprived petitioners of their only chance to take an appeal. *Id.*

*Rodriguez* is distinguishable from the instant case. First, *Rodriguez* involved a Ninth Circuit rule that imposed unique requirements on the filing of a notice of appeal. Second, McDougald could have filed his own notice of appeal after June 15, 2005 but not later than June 20, 2005 by contacting the Clerk of Court.

During the sentencing, the Court instructed McDougald on the two methods to file an appeal. The Court orally instructed McDougald that within a specified period of time following the filing of the Judgment and Commitment Order containing his sentence, his attorney could file a notice of appeal on his behalf or that McDougald could cause the Clerk of Court to be contacted and asked to file a notice of appeal on his behalf. McDougald also signed a written Acknowledgement of Right to Appeal form that advised him of the time limit in which to file a Notice of Appeal and the deadline for filing such document. Doc. Number 73. McDougald does not represent that he or someone on his behalf contacted the Clerk of Court to make such request.

If McDougald had filed his motion before June 20, 2005, the Court could have examined the situation to determine the existence of excusable neglect. Instead, McDougald waited until July 1, 2005 to file his motion. Because *Rodriguez* is distinguishable from the instant case and because the plain language of Federal Rule of Appellate Procedure 4 precludes the Court from entertaining McDougald's motion, the Court **DENIES** McDougald's Motion to File a Belated Notice of Appeal. (Doc. No. 77).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July __18th____ 2005.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Unrepresented Party
United States Attorney
United States Probation Office