UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

-vs-                                         Case No.  6:02-cr-142-Orl-19KRS

ARTHUR LEE MCDOUGALD

        Defendant.
_____

## ORDER

This case comes before the Court on Defendant Arthur Lee McDougald's Response to the Court's Order to Show Cause and the United States of America's Response to McDougald's Response to the Court's Order to Show Cause.  (Doc. No. 97, "Response to the Court's December 13, 2005 Order," filed on January 5, 2006); (Doc. No. 96, filed on December 13, 2005); (Doc. No. 98, "Response of the United States of America," filed on January 17, 2006).

This case was remanded to this Court on Order of the United States Court of Appeals for the Eleventh Circuit to determine if Mr. McDougald's untimely notice of appeal (Doc. No. 83, deemed filed on August 24, 2005), filed more than ten days after the District Court Order from which the appeal was taken (Doc. No. 78, filed on July 19, 2005), can be accepted as valid and construed as a motion for extension of time to appeal because of excusable neglect or good cause pursuant to Federal Rule of Appellate Procedure 4(b)(4).  (Doc. No. 92, filed on November 29, 2005).

Under Federal Rule of Appellate Procedure 4(b)(1), a defendant's notice of appeal must be filed in the District Court within 10 days after the later of the entry of either the judgment or the order being appealed or the timely filing of the government's notice of appeal.  FED. R. APP. P. 4(b)(1).

However, Rule 4(b)(4) provides:

> Upon a finding of excusable neglect or good cause, the district court may–before or after the time has expired, with or without motion and notice–extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

FED. R. APP. P. 4(b)(4).

In his response, Mr. McDougald represents that his counsel failed to file a direct appeal after he instructed his counsel to do so. (Doc. No. 97, p. 1). The Government responds that Mr. McDougald only generally discussed the reasons as to why the Court should permit an extension of time without any application of the law to his own situation. (Doc. No. 98, p. 2). The Government further argues that Mr. McDougald has failed to offer any reason for his delay or to demonstrate that he acted in good faith. (*Id.* at 3).

An attorney who "fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." *Gomez-Diaz v. United States*, 2005 WL 3465538, *3 (11th Cir December 20, 2005) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). The failure to file an appeal that the defendant desired denies the defendant his constitutional right to counsel at an important stage. *Id.* at *3 (citing *Flores-Ortega*, 528 U.S. at 483). In such cases, prejudice is presumed because "rather than being denied the opportunity for a fair proceeding, the defendant is denied the opportunity for a proceeding at all." *Id.* (citing *Flores-Ortega*, 528 U.S. at 483).

Counsel is obliged to protect his client's right to appeal. *United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999) (internal citation omitted). Because if, as Mr. McDougald avers, he requested that his counsel file an appeal on his behalf, counsel then was obligated to preserve the right to appeal. *See id.* The record indicates that counsel did not file a notice of appeal or seek to withdraw from representing Mr. McDougald. Assuming this representation is true, Mr. McDougald received ineffective assistance of counsel because of counsel's failure to file a notice of appeal. This is

sufficient to show excusable neglect.[1]  *See id.* (explaining that counsel's failure to file an appeal when instructed to do is a "clear case of ineffective assistance of counsel, which is sufficient to prove excusable neglect").

Therefore, the Court finds that Defendant Arthur Lee McDougald has shown excusable neglect sufficient to consider his untimely Motion to Expedite Direct Appeal Proceedings (Doc. No. 83) as timely pursuant to Federal Rule of Appellate Procedure 4(b)(4). The Clerk shall transmit this Order in appropriate form to the Eleventh Circuit Court of Appeals.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January __19,____ 2006.

                                                                                                 /s/ Patricia C. Fawsett
                                                                                        PATRICIA C. FAWSETT, CHIEF JUDGE
                                                                                        UNITED STATES DISTRICT COURT

Copies furnished to:

---

[1] Both excusable neglect and good cause have been shown. The record reflects that the Court sentenced Mr. McDougald on May 6, 2005, and remanded him at that time to the custody of the United States Marshal to await designation by the U.S. Bureau of Prisons. (Doc. No. 74, filed on May 6, 2005) (Doc. No. 77, filed on July 1, 2005, p. 1).  While not contained in his response to the Order to Show Cause, the record reflects in another filing that Mr. McDougald claimed to have asked his family on June 15, 2005 about the current status of his appeal and learned from his family at an unspecified time thereafter that no appeal had been filed. (Doc. No. 77, p. 1). On July 1, 2005, some fifteen days after he made his request to his family, Mr. McDougald made his first attempt to obtain appellate review in this case by filing a Motion to File a Belated Notice of Appeal. (*Id.*) The Court notes that Mr. McDougald, who is not highly educated according to his Presentence Report, has been incarcerated throughout the relevant time period which presumably limits his ability to readily obtain information related to this case.

Unrepresented Party
United States Attorney
United States Probation Office